Noreen S. Dreyer County Attorney Martin County
QUESTION: 1. May the Martin County Commission amend its budget during the fiscal year to provide for transfers from one fund to another fund? 2. If the answer to Question One is yes, may the Martin County Commission transfer funds restricted to transportation related purposes from its Capital Roads Fund to its Transportation Trust Fund in order to allow unrestricted funds previously budgeted in the Transportation Trust Fund to be transferred to the General Fund?
SUMMARY: 1. The Martin County commission is not authorized by Ch. 1129, F.S., to amend its budget for the purpose of transferring moneys between funds in the county budget. 2. In light of my answer to Question One, no response to Question Two is necessary.
AS TO QUESTION 1:
Chapter 129, F.S., establishes a budget system for the control of the finances of the boards of county commissioners of Florida.[1]
The statutes require that an annual budget be prepared, approved, adopted, and executed for each fiscal year.[2]
The budget must be balanced, that is, "the total of the estimated receipts, including balances brought forward, shall equal the total of the appropriations and reserves."[3]
Pursuant to s. 129.02, F.S., certain fund budgets are established and specific directions are set forth for receipts to be included therein. These include the general fund budget, the county transportation trust fund budget, the fine and forfeiture fund budget, the capital outlay reserve fund budget, the bond interest and sinking fund budget, and the special district operating fund budget.[4] In order to simplify the fiscal operation of the county, the board of county commissioners may consolidate any of its separate budgetary funds into a single general fund.[5]
It does not appear that this is the case in Martin County.
The board of county commissioners must receive and examine the tentative budget for each fund and, subject to certain notice and hearing requirements, shall require that any necessary changes be made. However, the budget must remain in balance.[6]
Public hearings must be held by the board to adopt tentative and final budgets and the purpose of these hearings is to take requests and complaints from the public.[7]
Section 129.06(1), F.S., provides that:
 Upon the final adoption of the budgets as provided in this chapter, the budgets so adopted shall regulate the expenditures of the county and district, and the itemized estimates of expenditures shall have the effect of fixed appropriations and shall not be amended, altered, or exceeded except as provided in this chapter. (e.s.)
Thus, the Legislature has provided the exclusive method for amendment of county budgets in these provisions of Ch. 129, F.S.[8]
With regard to the amendment of a county budget, s. 129.06(2), F.S., states:
The board at any time within a fiscal year may amend a budget for that year as follows:
(a) Appropriations for expenditures in any fund may be decreased and other appropriations in the same fund correspondingly increased by motion recorded in the minutes, provided that the total of the appropriations of the fund not be changed. . . .
(b) Appropriations from the reserve for contingencies may be made to increase the appropriation for any particular expense in thesame fund, or to create an appropriation in the fund for any lawful purpose, but no expenditures shall be charged directly to the reserve for contingencies.
(c) The reserve for future construction and improvements may be appropriated by resolution of the board for the purpose or purposes for which the reserve was made.
(d) A receipt of a nature from a source not anticipated in the budget and received for a particular purpose, including but not limited to grants, donations, gifts, or reimbursement for damages, may, by resolution . . . be appropriated and expended for that purpose, in addition to the appropriations and expenditures provided for in the budget. Such receipts and appropriations shall be added to the budget of the proper fund.
(e) Increased receipts for enterprise or proprietary funds received for a particular purpose may . . . be appropriated and expended for that purpose, in addition to the appropriations and expenditures provided for in the budget. (e.s.)
Clearly, the board of county commissioners may amend its budget for any fiscal year by redirecting appropriations within a particular fund. Pursuant to the clear legislative expression in s. 129.06(1), F.S., that this process be exclusive, other attempts at amendment are prohibited.[9]
This office has previously considered whether county funds may be transferred from on e budgetary fund to another and has concluded that such transfers are not authorized except within the terms of s. 129.06(3)(a) and (b), F.S.,[10] supra. In AGO 57-51 a county received additional, unanticipated funds which were deposited into the appropriate budgetary fund.[11] Anticipated revenues from this same source were already being deposited into the fund. The county proposed to transfer these additional funds to the general fund and spend that to purchase land for a county mental health hospital. In disapproving such a transfer, this office stated that "[s.] 129.06(a)(b), F.S., contains the only authority for transfers of funds within the budget and your situation would not fall within its provisions."[12]
Thus, while Martin County may amend its budget as provided in s.129.06(2)(a)-(d), F.S., transfers may be made within county budgetary funds only to correct errors in handling receipts and disbursements and for budgeted transfers. As this does not appear to be the case in your situation, I must conclude that the transfers you propose are not authorized.[13]
AS TO QUESTION 2:
In light of my response to your first question, no answer to Question Two is necessary.
[1] See, s. 129.01, F.S.
[2] See, s. 129.01(1), F.S. And see, s. 129.04, F.S., which provides that the fiscal year of each county begins on October 1, and ends on September 30 of each year.
[3] Section 129.01(1)(b), F.S.
[4] Section 129.02, F.S.
[5] Section 129.011(1), F.S. However, a county transportation trust fund established pursuant to s. 336.022, F.S., must be shown as a separate budgetary fund.
[6] Section 129.03(3)(a), F.S.
[7] Section 129.03(3)(c), F.S.
[8] See, e.g., Thayer v. State, 335 So.2d 815, 817
(Fla. 1976) and Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), for the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.
[9] See, AGO 62-79 (county budget could be amended to set up an appropriation for a county health unit building from funds budgeted for but not needed by the county health unit); and AGO 51-434, Biennial Report of the Attorney General, 1951-1952, p. 239 (county is authorized to amend any item or account in the road and bridge fund budget, provided that the amendment comes within the authority granted in s. 129.06[2][a]-[d], F.S.).
[10] Section 129.06(3)(a) and (b), F.S.
[11] Section 129.01(2)(e), F.S., provides that:
Any surplus arising from an excess of the estimated cash balance over the estimated amount of unpaid obligations to be carried over in a fund at the end of the current fiscal year may be transferred to any of the other funds of the county, and the amount so transferred shall be budgeted as a receipt to such other funds; provided, that no such surplus in a fund raised for debt service shall be transferred to another fund, except to a fund raised for the same purposes in the same territory, unless the debt of such territory has been extinguished, in which case it may be transferred to any other fund raised for that territory; provided, further, that no such surplus in capital outlay reserve fund may be transferred to another fund until such time as the projects for which such capital outlay reserve fund was raised have been completed and all obligations paid.
[12] But see, AGO 71-375 in which this office concluded that a county could temporarily transfer funds which were not allocated to a particular use during the current fiscal year from its general fund and capital outlay fund to its water and sewer district fund, for use by the district during and to be repaid before the end of the current fiscal year. As is noted in that option, the action approved therein was not free from doubt and the amendment of the county budget and the transfer of funds had already taken place. The county had proceeded in reliance on a letter from the Comptroller's Office approving these actions.
[13] I would note that Part V, Ch. 218, F.S., makes provision for assisting local governments, including counties, in financial emergencies.